NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE JARVIS AUSTIN, | No. 21-16191 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-05631-YGR |
| v. | |
| GEORGETOWN UNIVERSITY; GEORGETOWN UNIVERSITY LAW CENTER ORGANIZATION; DOE, Photographer Commissioned by Georgetown; U.S. DEPARTMENT OF EDUCATION, Federal Student Aid, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted May 16, 2023**

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

George Jarvis Austin appeals pro se from the district court's order

dismissing for lack of personal jurisdiction his action alleging federal and state law

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims against Georgetown University and Georgetown University Law Center. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(2). *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017). We affirm.

The district court properly dismissed Austin's claims against the Georgetown defendants for lack of personal jurisdiction because Austin failed to allege facts sufficient to establish that these defendants had enough claim-related contacts with California to provide the court with specific personal jurisdiction over them. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022-25 (9th Cir. 2017) (discussing requirements for specific personal jurisdiction).

The district court did not abuse its discretion in dismissing Austin's operative complaint without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard for review and explaining that leave to amend may be denied where amendment would be futile); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is particularly broad." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**